**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
DOMINGO BORGES,

                               Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE JOHN SEEL,
SGT. ROSA ANDRE, and JOHN & JANE DOES 1-5
(employees of the New York City Police Department not yet
known),

                           Defendants.
-----------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff DOMINGO BORGES, by and through his attorney, ABE GEORGE, ESQ., of the

LAW OFFICES OF ABE GEORGE, P.C., complaining of the Defendants herein, upon

information and belief, respectfully shows to this Court, and alleges as follows:

### PRELIMINARY STATEMENT

1.      In November 17, 2017, famed rapper/entrepreneur "Jay-Z" penned an op-ed in the

New York Times entitled "The Criminal Justice System Stalks Black People Like Meek Mill," to

express his outrage at rapper Meek Mill's re-incarceration due to an alleged probation violation

that resulted from criminal charges that were ultimately dismissed.   In the article "Jay-Z" wrote:

> "... it's time we highlight the random ways people trapped in the criminal justice system
> are punished every day. The system treats them as a danger to society, consistently
> monitors and follows them for any minor infraction — *with the goal of putting them back
> in prison* [emphasis added]."

As a result of the public outrage, in April of 2018, rapper Meek Mill was released from prison

creating a spotlight on the parole/probation prison pipeline in this Country.

2.    Like Meek Mills, Plaintiff parolee Domingo Borges is a victim of a faulty criminal justice system, whose actors included the lackadaisical defendant NYPD Police Officers who ignored exculpatory evidence and an overzealous NYS parole system that maliciously prosecuted the Plaintiff even when the District Attorney consented to the dismissal of charges against him.

3.    Plaintiff now brings this civil rights action stemming from the false arrest and malicious prosecution of Plaintiff, in which Plaintiff seeks relief for Defendant NYPD Police Officers' violations of Plaintiff's rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

## JURISDICTION AND VENUE

4.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

5.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

6.    Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

7.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

8.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

**PARTIES**

9.     At all times relevant to this action, Plaintiff DOMINGO BORGES is and was a resident of Queens County, New York.

10.     Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and JOHN & JANE DOE 1-5, police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown (hereinafter "JOHN  & JANE DOE 1-5").

11.     DETECTIVE JOHN SEEL, SGT. ROSA ANDRE,  and JOHN & JANE DOE 1-5, were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

12.     At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NYPD, in the course and scope of their duties and functions as officers, agents,

servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

13.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## **NOTICE OF CLAIM**

14.     A Notice of Claim was filed by Domingo Borges against the City of New York on April 18, 2018.

15.     A 50(h) municipal hearing was held on November 5, 2018. More than 30 days have elapsed since the hearing and this matter has not been settled.

## **STATEMENT OF FACTS**

16.     On or about September 8, 2017, at approximately 4PM inside of 57-12 164th Street, Queens, NY, complaining witness Silvia Cobas called 911 to report a dispute with a fellow building tenant, Plaintiff DOMINGO BORGES.

17.     In response to Ms. Cobas' 911 call Officer Gary Farley and Officer Kishan Ransunain, from the 109th precinct, responded to Ms. Cobas' building. Ms. Cobas had alleged that Plaintiff had banged on her door and made threats because Plaintiff Domingo Borges believed one of Ms. Cobas' children blocked his parking spot.

18.     Officer Farley and Officer Ransunain interviewed Ms. Cobas, Ms. Cobas' children, and Plaintiff, and had the opportunity to observe Ms. Cobas' undamaged front door. After a brief

investigation the officers determined there was no probable cause to make an arrest and left the scene without incident.

19.     Upon information and belief, on September 11, 2017, Ms. Cobas' unhappy with Officers Farley and Ransunain not arresting Plaintiff, went to the 109th Precinct to file a false police report regarding the same exact incident, but this time fabricating claims that Plaintiff Borges damaged her front door.

20.     Shortly after Ms. Cobas filed her complaint, DETECTIVE JOHN SEEL was assigned to investigate Ms. Cobas' claims and after an incomplete cursory investigation, under the supervision and approval of SGT. ROSA ANDRE and/or JOHN & JANE DOE 1-5, recklessly, carelessly, and negligently came to the conclusion that there was probable cause to arrest Plaintiff for the September 8, 2017 incident for menacing and damaging Ms. Cobas' door.

21.     DETECTIVE JOHN SEEL relied on photos provided by the complaining witness that showed that her doors were damaged. There were no time stamps or dates on the photos he observed. Moreover, the photos depicted a door that was taken off the hinges rather than being damaged in a fit of rage as Ms. Cobas' had described to the detective.

22.     DETECTIVE JOHN SEEL failed to speak with Officer Gary Farley and Officer Kishan Ransunain, from the 109th precinct, who initially responded to Ms. Cobas' house to ascertain why no arrest was made on September 8, 2017. Officer Farley and Officer Ransunain clearly had material, relevant and exculpatory information as to the Sept 8th incident, yet DETECTIVE JOHN SEEL turned a blind eye to this evidence.

5

23.    DETECTIVE JOHN SEEL also failed to consider critical exculpatory evidence in the form of 911 calls which demonstrated that when the complaining witness called 911 she failed to state that Plaintiff had damaged her door.

24.    On or about October 3, 2017 at 1:30PM  DETECTIVE JOHN SEEL and JOHN DOE # 1,  under the supervision and approval of SGT. ROSA ANDRE and/or JOHN & JANE DOE 1-5, arrested Plaintiff for Menacing in the Third Degree (PL 120.15) and Criminal Mischief (PL 145.00). Plaintiff's arrest report stated that "...  the above defendant (referring to Plaintiff) did break the door to his apartment (referring to complaining witness) causing damage less than than $250.00 USC."

25.    If DETECTIVE JOHN SEEL, SGT. ROSA ANDRE & JOHN AND JANE DOE 1-5, had conducted a proper investigation Plaintiff would not have been arrested.

26.    Plaintiff was arraigned on October 4, 2017, on the aforementioned charges under Queens Docket # CR-039174-17QN.  The Plaintiff pleaded not guilty and the Prosecution announced not ready for trial because they were awaiting a supporting deposition from Ms. Cobas.

27.    The supporting deposition was only filed and served on January 5, 2018 (although dated January 2, 2018) and Plaintiff's criminal lawyer filed a motion to dismiss Plaintiff's charges pursuant to CPL 30.30.

28.    On or about January 23, 2018, upon a motion of Plaintiff's attorney and consent of the District Attorney, the Court dismissed all charges against the Plaintiff.

29.    Although Plaintiff was released on his own recognizance following the October 3, 2017 arraignment, on October 16, 2017, Plaintiff was violated on parole and taken into custody on October 16, 2017 for his arrest on the September 8th matter.

30.     A preliminary hearing was held on October 23, 2017 where probable cause to support the alleged violations was found.

31.     In January of 2018, a writ of habeas corpus was filed with Bronx Supreme Court challenging the October 23, 2017 finding and on March 19, 2018, prior to a final hearing on Plaintiff's parole violation, Plaintiff's habeas motion was granted, with the Court finding that there was no probable cause to believe that that the defendant had violated his parole because his alleged acts were protected by the First Amendment. **(See Exhibit A:** Decision of Parole Judge)

32.     On or about March 30, 2018 Plaintiff was ultimately released from jail.

33.     Plaintiff had never engaged in any unlawful activity on or about September 8, 2017.

34.     From the period of October 16, 2017 through March 30, 2018 Plaintiff was wrongfully incarcerated for over **163 days**.

35.     As a result of his arrest Plaintiff suffered the following: a) Plaintiff lost his job; b) was ostracized by his family members who believed the arrest meant he was guilty; c) was banned by Parole from returning to his home where his wife resided (which continued after the writ of habeas was granted); d) missed crucial months of his newborn's early life who was born near the time of Plaintiff's arrest; e) was moved to Level I monitoring which provides for increased visitation with parole and makes travel out of state more difficult; f) has defaulted on credit cards because of the lack of income; g) defaulted on financial aid obligations on a college he was attending prior to his arrest which makes it difficult to re-matriculate and finish school; h) had his initial 3 year discharge date moved from July of 2018 to December of 2020; and i)  Plaintiff has suffered severe emotional distress which continues until this day.

## FIRST CLAIM FOR RELIEF: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
By Plaintiff Against All Defendants

36.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     Defendant(s) DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and/or JOHN AND JANE DOES (1-5), acting under color of state law, in stopping Plaintiff without reasonable suspicion which later led to the arrest of Plaintiff without probable cause, and further confinement of Plaintiff who was conscious of said imprisonment against Plaintiff's will, and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

38.     As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SECOND CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth Amendment
By Plaintiff Against All Defendants

39.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, Defendant(s) DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and/or JOHN AND JANE DOES (1-5), are liable to Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional

8

right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Due to Defendant(s) DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and/or JOHN AND JANE DOES (1-5), false allegations against Plaintiff, a criminal proceeding was commenced against the Plaintiff.  The criminal proceeding was terminated on or about January 23, 2018 in Plaintiff's favor. There was no probable cause for Plaintiff's arrest and defendant police officers' actions in intentionally driving the criminal complaint when exculpatory evidence existed in the form of 911 calls and testimony of the first responding officers demonstrates that Plaintiff's prosecution was driven by malice.

42.     As a result of Defendants' conduct Plaintiff was incarcerated for approximately five and a half months, being deprived of his liberty.

43.     As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### THIRD CLAIM: FAILURE TO TRAIN
42 U.S.C § 1983
By Plaintiff Against Defendant CITY OF NEW YORK

44.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45.     The NYPD's training program was not adequate to train the Defendant(s) DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and/or JOHN AND JANE DOES (1-5), to

properly handle usual and recurring situations, particularly in terms of proper procedures to identify those perpetrating crimes.

46.     The NYPD and the City of New York were deliberately indifferent to the need to train its officers adequately.

47.     Specifically, Plaintiff's arrest was a direct and obvious consequence of Defendant CITY OF NEW YORK's failure to adequately train defendant officers DETECTIVE JOHN SEEL, SGT. ROSA ANDRE, and/or JOHN AND JANE DOES (1-5),  on probable cause, on taking proper investigative steps, analyzing evidence such as 911 calls. The failure to provide proper training was the cause of the Plaintiff's deprivation of Plaintiff's due process rights.

48.     In the deprivation of Plaintiff's freedom through their wrongful arrest, Plaintiff was harmed in this malicious prosecution and false arrest, and the NYPD's failure to adequately train its officers was a substantial factor in causing that harm.

**CONTINUED ON NEXT PAGE**

**WHEREFORE**, Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

(a)     That Plaintiff be compensated for the violation of Plaintiff's constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b)     That Plaintiff be awarded punitive damages against the Defendants; and

(c)     Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d)     Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e)     For such other further and different relief as to the Court may deem just and proper.


DATED:          January 8, 2019
                New York, New York

                                    LAW OFFICES OF ABE GEORGE, P.C.
                                     /s/_____
                                    By: Abe George, Esq.
                                    44 Wall Street, 2nd Floor
                                    New York, NY 10005
                                    (P) 212-498-9803
                                    (F) 646-558-7533
                                    E-mail: abe@abegeorge.lawyer

11