19-CV-151 (NG) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOMINGO BORGES,

Plaintiff,

-against-

DETECTIVE JOHN SEEL,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION  FOR SUMMARY JUDGMENT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*Detective John Seel*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Katherine J. Weall*
*Tel:  (212) 356-5055*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT

      POINT I

            DETECTIVE SEEL HAD PROBABLE CAUSE
            TO ARREST PLAINTIFF BASED ON
            PLAINTIFF'S VICTIM'S STATEMENTS AND
            PHOTOGRAPHS SHOWING THE DAMAGED
            DOOR ............................................................................ 4

            A.   The Cobas' Complaints Are Enough To
                Provide Probable Cause To Arrest .................................................. 5

            B.   There Was No Reason To Doubt The
                Cobas's Veracity ............................................................................ 6

            C.   Detective Seel Had No Duty To Investigate
                Further Once He Had Probable Cause To
                Arrest .............................................................................................. 7

      POINT II

            PLAINTIFF CANNOT PROVE THREE OF THE
            FOUR ELEMENTS OF MALICIOUS
            PROSECUTION UNDER STATE LAW .............................................. 12

            A.   Plaintiff Cannot Establish That Det. Seel
                Initiated Or Continued A Proceeding
                Against Him Because Det. Seel Did No
                More Than Disclose To The Prosecutor All
                Of The Information Within His Knowledge ................................. 13

**Page**

B.   Plaintiff Cannot Establish That Probable
Cause Was Lacking For His Criminal
Proceeding, Because Probable Cause Did
Not Dissipate Between His Arrest And The
Criminal Proceeding ...................................................... 15

C.   Plaintiff Cannot Establish The Element Of
Malice Because He Cannot Show That
Detective Seel Acted Out Of Something
Other Than A Desire To See The Ends Of
Justice Served............................................................... 16

POINT III

THE DECISION OF THE PAROLE HEARING
OFFICER   WAS   AN   INDEPENDENT
INTERVENING CAUSE OF PLAINTIFF'S
DETENTION ON A PAROLE VIOLATION,
AND DETECTIVE SEEL SHOULD NOT BE
HELD LIABLE FOR DAMAGES STEMMING
FROM THAT DETENTION ................................................ 17

POINT IV

DETECTIVE   SEEL   IS   ENTITLED   TO
QUALIFIED IMMUNITY BECAUSE HE WAS
NOT   "CLEARLY   INCOMPETENT"   IN
RELYING   ON   THE   WORD   OF   A
COMPLAINING   VICTIM   OR   ON
CORROBORATING PHOTOS FROM THAT
VICTIM ..................................................................... 20

POINT V

NEGLIGENCE   IS   NOT   SUFFICIENT   TO
PROVE PUNATIVE DAMAGES ........................................ 23

CONCLUSION.......................................................................... 24

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                                          <u>**Pages**</u>

Ackerson v. City of White Plains,
   702 F.3d 15 (2d Cir. 2012)....................................................................................................5

Allen v. Leonard,
   No. CV 18-7163 (SJF) (AKT), 2020 U.S. Dist. LEXIS 38687
   (E.D.N.Y. March 3, 2020) ............................................................................................ 6-7

Amore v. Novarro,
   624 F.3d 522 (2d Cir. 2010)........................................................................................ 21-22

Anderson v. Creighton,
   483 U.S. 635 (1987).........................................................................................................22

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986)...........................................................................................................4

Angevin v. City of N.Y.,
   204 F. Supp. 3d 469 (E.D.N.Y. 2016) ..........................................................................13, 14

Azurite Corp., Ltd. v. Amster & Co.,
   844 F. Supp. 929 (S.D.N.Y. 1994) .................................................................................4

Baez v. Jet Blue Airways Corp.,
   09-CV-596 (CPS) (SMG), 2009 U.S. Dist. LEXIS 67020
   (E.D.N.Y. August 3, 2009) ..............................................................................................12

Baldeo v. Keiser-O'Neill,
   No. 17-CV-5284 (ERK)(RML), 2018 U.S. Dist. LEXIS 131771
   (E.D.N.Y. Aug. 6, 2018)...........................................................................................13, 15

Brown v. City of N.Y.,
   306 F. Supp. 2d 473 (S.D.N.Y. 2004)............................................................................20

Bullard v. City of N.Y.,
   240 F. Supp. 2d 292 (S.D.N.Y. 2003).............................................................................7

Cameron v. City of N.Y.,
   598 F.3d 50 (2d Cir. 2010)..............................................................................................23

Campbell v. Giuliani,
   No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609 (E.D.N.Y. Jan. 24, 2001) ........................5

Casciani v. Nesbitt,
   659 F. Supp. 2d 427 (W.D.N.Y. 2009) ..........................................................................4

iii

**Cases**                                                       **Pages**

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ..................................................................................................4

Coyle v. Coyle,
    302 F. Supp. 2d 3 (E.D.N.Y. Feb. 9, 2004),
    vacated in part on other grounds,
    2004 U.S. Dist. LEXIS 20426 (E.D.N.Y. Aug. 30, 2004) ......................................20

Crews v. Cty. of Nassau,
    996 F. Supp. 2d 186 (E.D.N.Y. 2014) ...................................................................22

D'Alessandro v. City of N.Y.,
    713 F. App'x 1 (2d Cir. 2017) ...............................................................................22

D.C. v. Wesby,
    138 S. Ct. 577 (2018) .......................................................................................21, 22

Davis v. Metro. Transp. Auth.,
    06-CV-3543 (DLI) (JO), 2010 U.S. Dist. LEXIS 26846
    (E.D.N.Y. Mar. 22, 2010) ......................................................................................17

Derdiarian v. Felix Contracting Corp.,
    51 N.Y.2d 308, 434 N.Y.S.2d 166 (1980) .............................................................18

Dickerson v. Prison Health Servs.,
    495 Fed App'x 154 (2d Cir. 2012) .........................................................................19

Dorceant v. Aquino,
    No. 15-CV-7103 (ARR) (LB), 2017 U.S. Dist. LEXIS 131633
    (E.D.N.Y. Aug. 17, 2017) ......................................................................................13

Dufort v. City of N.Y.,
    874 F.3d 338 (2d Cir. 2017) ..................................................................................19

Frantz Jean v. City of N.Y.,
    No. 08-CV-157 (RER), 2009 U.S. Dist. LEXIS 98239
    (E.D.N.Y. Oct. 22, 2009) .........................................................................................8

Fulton v. Robinson,
    289 F.3d 188 (2d Cir. 2002) ..................................................................................17

Galapo v. City of N.Y.,
    95 N.Y.2d 568 (2000) ............................................................................................10

Ganek v. Leibowitz,
    874 F.3d 73 (2d Cir. 2017) .................................................................................5, 22

**Cases**                                                                                                    **Pages**

Gilman v. Marsh & McLennan Cos., Inc.,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012)...................................................................13

Hill v. City of N.Y.,
    No. 05-CV-9473 (RMB) (JCF), 2007 U.S. Dist. LEXIS 94969
    (S.D.N.Y. Dec. 28, 2007)................................................................................15

Hunter v. Bryant,
    502 U.S. 224 (1991).......................................................................................21

Husbands v. City of N.Y.,
    No. 05-cv-9252 (NRB), 2007 U.S. Dist. LEXIS 61042
    (S.D.N.Y. Aug. 16, 2007)
    *aff'd*, 335 F. App'x 124 (2d Cir. 2009).............................................................14

Illinois v. Gates,
    462 U.S. 213 (1983).........................................................................................5

Jocks v. Tavernier,
    316 F.3d 128 (2d Cir. 2003)..............................................................................8

Jouthe v. City of N.Y.,
    05-cv-1374 (NGG)(WP), 2009 U.S. Dist. LEXIS 18163
    (E.D.N.Y. Mar. 10, 2009)................................................................................13

Kolstad v. American Dental Ass'n,
    527 U.S. 526 (1999).......................................................................................24

Krause v. Bennett,
    887 F.2d 362 (2d Cir. 1989).............................................................................20

Lamont v. City of N.Y.,
    No. 12-cv-2478 (WFK) (JMA), 2014 U.S. Dist. LEXIS 137902
    (E.D.N.Y. Sept. 29, 2014).................................................................................7

Lee v. Sandberg,
    136 F.3d 94 (2d Cir. 1997)..............................................................................21

Lennon v. Miller,
    66 F.3d 416 (2d Cir. 1995)..............................................................................20

Lombard v. Booz-Allen & Hamilton, Inc.,
    280 F.3d 209 (2d Cir. 2002).............................................................................18

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996)....................................................................15, 16, 17

**Cases**                                                                                      **Pages**

Maliha v. Faluotico,
    No. 07-1106-cv, 2008 U.S. App. LEXIS 13097 (2d Cir. 2008) ................................8

Malley v. Briggs,
    475 U.S. 335 (1986)...........................................................................................21

Manganiello v. City of N.Y.,
    612 F.3d 149 (2d Cir. 2010)........................................................................14, 15

Martin v. City of N.Y.,
    793 F. Supp. 2d 583 (E.D.N.Y. 2011) ...................................................................18

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)...............................................................................................4

Mazza v. City of N.Y.,
    No. 98-cv-2343 (ILG), 1999 U.S. Dist. LEXIS 13192
    (E.D.N.Y. July 13, 1999) .......................................................................................9

McCardle v. Haddad,
    131 F.3d 43 (2d Cir. 1997).................................................................................24

McDonough v. Smith,
    898 F.3d 259 (2d Cir. 2018)........................................................................ 12-13, 16

Melendez v. City of N.Y.,
    No. 16-CV-1497 (RJS), 2017 U.S. Dist. LEXIS 154424
    (S.D.N.Y. Sept. 20, 2017) ...................................................................................13

Meriwether v. Coughlin,
    879 F.2d 1037 (2d Cir. 1989)....................................................................... 23-24

Miloslavsky v. AES Eng'g Soc'y, Inc.,
    808 F. Supp. 351 (S.D.N.Y. 1992),
    aff'd, 993 F.2d 1534 (2d Cir. 1993)......................................................................5

Mistretta v. Prokesch,
    5 F. Supp. 2d 128 (E.D.N.Y. 1998) ......................................................................8

Mitchell v. City of N.Y.,
    841 F.3d 72 (2d Cir. 2016)..............................................................................12, 13, 16

Mitchell v. County of Nassau,
    CV-05-4957 (SJF) (WDW) 2007 U.S. Dist. LEXIS 38711
    (E.D.N.Y. May 24, 2007) .....................................................................................12

**Cases**                                                        **Pages**

Morris v. City of N.Y.,
    No. 14-cv-1749 (JG) (LB), 2015 U.S. Dist. LEXIS 54550
    (E.D.N.Y. April 27, 2015) ........................................................................7

Morris v. Silvestre,
    604 F. App'x 22 (2d Cir. 2015) ..............................................................22

New Windsor Volunteer Ambulance Corps., Inc. v. Meyers,
    442 F.3d 101 (2d Cir. 2006)...............................................................23, 24

Obilo v. City Univ. of the City of N.Y.,
    No. 01-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886
    (E.D.N.Y. Feb. 28, 2003)........................................................................8

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006).....................................................................5

Pawlicki v. City of Ithaca
    993 F. Supp. 140 (N.D.N.Y. 1998) ........................................................12

People v Ellis,
    233 A.D.2d 692, 650 N.Y.S.2d 329 (N.Y. App. Div. 3d Dep't 1996) ....................................6

Petway v. City of N.Y.,
    10-CV-01048 (ARR) (LB), 2012 U.S. Dist. LEXIS 83540
    (E.D.N.Y. June 14, 2012) ......................................................................21

Pinter v. City of N.Y.,
    448 F. App'x 99 (2d Cir. 2011) ..............................................................23

Quaratino v. Tiffany & Co.,
    71 F.3d 58 (2d Cir. 1995).........................................................................4

Reid v. Yisrael,
    19-cv-1220 (PKC) (ST) 2019 U.S. Dist. LEXIS 97093
    (E.D.N.Y. June 10, 2019) ......................................................................15

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997).............................................................5, 8, 21

Rizzo v. Edison, Inc.,
    172 Fed. Appx. 391 (2d Cir. 2006) ........................................................15

Rohman v. N.Y.C. Transit Auth.,
    215 F.3d 208 (2d Cir. 2000).................................................................14

**Cases**                                                                                           **Pages**

Romero v. County of Lake,
   60 F.3d 702 (10th Cir. 1995) ................................................................10

Saunders-Hall v. Sullivan,
   No. 17-CV-1269 (PAC), 2018 U.S. Dist. LEXIS 102410
   (S.D.N.Y. June 19, 2018)................................................................15

Savino v. City of N.Y.,
   331, F.3d 63 (2d Cir. 2003)...........................................................15

Shaw v. City of N.Y.,
   139 A.D. 3d 698 (N.Y. App. Div. 2nd Dept. 2016)...............................16

Smith v. Freland,
   954 F.2d 343 (6th Cir. 1992) ...........................................................9

Smith v. Wade,
   461 U.S. 30 (1983)........................................................................24

Smith-Hunter v. Harvey,
   95 N.Y.2d 191 (2000) ...................................................................13

Sulkowska v. City of N.Y.,
   129 F. Supp. 2d 274 (S.D.N.Y. 2001)..............................................17

Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp.,
   No. 03-CV-1414 (MP),
   2003 U.S. Dist. LEXIS 22655 (S.D.N.Y. Dec. 16, 2003) ......................4

Torres v. Jones,
   26 N.Y.3d 742 (2016) ...................................................................12

Townes v. City of N.Y.,
   176 F.3d 138 (2d Cir. 1999)...............................................14, 18, 19

Twin Laboratories, Inc. v. Weider Health & Fitness,
   900 F.2d 566 (2d Cir. 1990)............................................................4

Weiner v. McKeefery,
   90 F. Supp. 3d 17 (E.D.N.Y. 2015) ..................................................8

Weinstock v. Columbia Univ.,
   224 F.3d 33 (2d Cir. 2000),
   *cert. denied*, 540 U.S. 811 (2003)..................................................4

**Cases**                                                                **Pages**

Weyant v. Okst,
101 F.3d 845 (2d Cir. 1996).................................................................5

White v. Pauly,
137 S. Ct. 548 (2017) ...................................................................22

Wieder v. City of N.Y.,
569 F. App'x 28 (2d Cir. 2014) ............................................... 5, 7-8

Williams v. City of N.Y.,
683 F. App'x 57 (2d Cir. 2017) .................................................22

Wilson v. McMullen,
07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335
(E.D.N.Y. Mar 30, 2010) .............................................................17

Ying Li v. City of N.Y.,
246 F. Supp. 3d 578 (E.D.N.Y. 2017) ........................................15

Zahrey v. Coffey,
221 F.3d 342 (2d Cir. 2000)........................................................19

Zellner v. Summerlin,
494 F.3d 344 (2d Cir. 2007)....................................................5, 21

**Statutes**

42 U.S.C. § 1983.......................................................5, 9, 10, 23

Fed. R. Civ. P. 56(c) ....................................................... 3-4

Local Civil Rule 56.1 ...................................................................1

New York Penal Law §120.15....................................................2, 11, 16

New York Penal Law §145.00(1) ...............................................2, 6, 16

New York Penal Law § 240.26(1) ..............................................11

**Other Authorities**

Restatement of Torts § 908, comment c (1938)................................24

Restatement Second of Torts, § 908, comment c (1979)...................24

## PRELIMINARY STATEMENT

Plaintiff Domingo Borges sues Detective John Seel for false arrest despite the fact there was probable cause for plaintiff's arrest for criminal mischief based on a complaint by his neighbors that he pounded on and damaged their door.  Plaintiff sues Det. Seel for malicious prosecution despite the fact that Det. Seel did not initiate plaintiff's prosecution, probable cause did not dissipate between plaintiff's arrest and his arraignment, and Det. Seel did not act with malice.  Plaintiff sues Det. Seel for damages for a five-and-a-half months' incarceration despite the fact that he was incarcerated not because of anything Det. Seel did, but because he violated his conditions of parole.  Finally, he sues Det. Seel for punitive damages despite the fact that Det. Seel's actions in arresting plaintiff based on his neighbors' complaint were not willful, wanton or malicious.  Essentially, plaintiff here is blaming Det. Seel for, and attempting to profit from, the consequences of his own actions – his failure to control his own temper leading to his arrest, prosecution and parole revocation.  But plaintiff has no-one to blame for his arrest and detention but himself.  He should not be permitted to profit from a situation he and his violent temper created.

## STATEMENT OF FACTS

In mid-September, 2017, Det. Seel, who works at the NYPD's 109th Precinct, received and reviewed a complaint report from the NYPD 107th Precinct.  Defendant's Local Civil Rule 56.1 Statement, dated September 1, 2020 ("Def. 56.1"), ¶¶ 20, 23-24.  According to the complaint report, filed on September 11, 2017, Ramon Cobas accused plaintiff of pounding on his door so hard that he had damaged it.  Def. 56.1, ¶¶ 21-22.

On September 13, 2017, Det. Seel interviewed Mr. Cobas and his wife.  Def. 56.1, ¶ 25.  They told him that they had an ongoing problem with plaintiff constantly harassing them and yelling obscenities at them.  Def. 56.1, ¶ 27.  Mr. Cobas explained that this culminated in a

dispute on September 8, 2017, over a parking space; during which plaintiff had banged on the Cobas's door so hard it damaged their door.  Def. 56.1, ¶ 26.  Mr. Cobas gave Det. Seel photographs showing a door with a broken strike plate and knocked off of its hinges.  Def. 56.1, ¶¶ 29-30.

Based on the statement in the complaint report, his interview of Mr. and Mrs. Cobas, and the photographs, Det. Seel determined that he had probable cause to arrest plaintiff for Criminal Mischief with Intent to Damage Property in violation of New York Penal Law §145.00(1).  Def. 56.1, ¶ 33.  He arrested plaintiff for criminal mischief on October 3, 2017. Def. 56.1, ¶¶ 34-35.

Det. Seel gave the prosecutor his arrest paperwork and spoke to the prosecutor. Def. 56.1, ¶ 36. The prosecutor also interviewed Mrs. Cobas.  Def. 56.1, ¶ 37.  The prosecutor prepared a criminal court complaint charging plaintiff with menacing in violation of New York Penal Law §120.15, and criminal mischief.  Def. 56.1, ¶ 38.  The menacing charge had not been included in Det. Seel's arrest paperwork.  Def. 56.1, ¶ 38.  The criminal court complaint was signed by Det. Seel based on information provided by the complainants.  Def. 56.1, ¶¶ 39, 40. Plaintiff was arraigned on those charges on October 4, 2017, and was released on his own recognizance after his arraignment.  Def. 56.1, ¶¶ 42-43.  Plaintiff was scheduled to return to court on November 13, 2017.  Def. 56.1, ¶ 44.

Plaintiff was on parole for murder at the time of his arrest.  Def. 56.1, ¶¶ 47-48. One of the several conditions of plaintiff's parole, Rule 8, provided that:

> "I will not behave in such a manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others."

Def. 56.1, ¶ 53.  Plaintiff was taken into custody on October 16, 2017 pursuant to a parole warrant containing nine charges.  Def. 56.1, ¶¶ 56-58.  On October 23, 2017, a preliminary hearing was held on the parole violation, Def. 56.1, ¶ 62, before a hearing officer at which plaintiff and his counsel were present and fully participated in the hearing.  Def. 56.1, ¶¶ 63, 65.  The preliminary hearing proceeded on one of the nine charges that:

> "[Plaintiff] violated rule number eight of the rules governing parole in that on 9-8-17 at approximately 5:00 pm inside of [redacted] Queens, New York [he] threatened the safety and well-being of [redacted] by confronting her with closed fists and threatening to inflict bodily harm."

Def. 56.1, ¶ 64.  Mrs. Cobas testified at the hearing.  Def. 56.1, ¶¶ 66.  She testified that plaintiff had banged on her door so forcefully that she thought it was "an explosion," Def. 56.1, ¶ 67, that had told her that if her son didn't move his car "I'm going to give it to him, and I'm going to give it to you, and you're an old woman, eat shit."  Def. 56.1, ¶ 68.  She testified that he made threatening gestures.  Def. 56.1, ¶ 71.  Det. Seel did not testify at the preliminary hearing.  Def. 56.1, ¶ 72.  The hearing officer determined that there was probable cause to believe plaintiff had violated the terms of his parole, and ruled that he was to be held in custody until his final hearing.  Def. 56.1, ¶ 74-75.

On January 23, 2018, the criminal case against plaintiff was dismissed on speedy trial grounds, because prosecutors failed to timely file the supporting affidavit they had obtained from Mrs. Cobas, even though they received it from her in time.  Def. 56.1, ¶¶ 45-46.  Plaintiff was released from custody on the parole violation on March 30, 2018 after a writ of habeas corpus was granted.  Def. 56.1 ¶¶ 77, 79.

## LEGAL STANDARD

Summary judgment is appropriate if the record "show[s] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(c); *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion.  <u>Quaratino v. Tiffany & Co.</u>, 71 F.3d 58, 64 (2d Cir. 1995); <u>Twin Laboratories, Inc. v. Weider Health & Fitness</u>, 900 F.2d 566, 568 (2d Cir. 1990).  However, "this standard does not simply require the court to draw <u>all</u> inferences in the non-movant's favor, but [only] all <u>reasonable</u> inferences."  <u>Casciani v. Nesbitt</u>, 659 F. Supp. 2d 427, 434 (W.D.N.Y. 2009) (emphasis added).   In determining whether an inference is reasonable, the Court "need not…credit unsupported factual allegations and innuendos."  <u>Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp.</u>, No. 03-CV-1414 (MP), 2003 U.S. Dist. LEXIS 22655, at *2 (S.D.N.Y. Dec. 16, 2003), citing <u>Azurite Corp., Ltd. v. Amster & Co.</u>, 844 F. Supp. 929, 936 (S.D.N.Y. 1994) (Sotomayor, J.).  To defeat a summary judgment motion, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come . . . 'to put up or shut up.'") (citations omitted), *cert. denied*, 540 U.S. 811 (2003).

## **ARGUMENT**

### **POINT I**

### **DETECTIVE SEEL HAD PROBABLE CAUSE TO ARREST PLAINTIFF BASED ON PLAINTIFF'S VICTIM'S STATEMENTS AND PHOTOGRAPHS SHOWING THE DAMAGED DOOR**

Plaintiff's false arrest claim fails because there was probable cause to arrest him based on the word of the complaining witnesses and on photographs of damage to the witness's door.  "Probable cause 'is a complete defense to an action for false arrest' brought under New

4

York law or § 1983." <u>Ackerson v. City of White Plains</u>, 702 F.3d 15, 19 (2d Cir. 2012), quoting <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996). "Probable cause to arrest exists when the officers have . . . reasonably trustworthy information as to[] facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." <u>Zellner v. Summerlin</u>, 494 F.3d 344, 368 (2d Cir. 2007). Probable cause requires only a probability, not an actual showing, of criminal activity. <u>Illinois v. Gates</u>, 462 U.S. 213, 244 n.13 (1983); <u>Ricciuti v. New York City Transit Auth.</u>, 124 F.3d 123, 128 (2d Cir. 1997). Nor must every element of a crime be shown. <u>Ganek v. Leibowitz</u>, 874 F.3d 73, 83 (2d Cir. 2017) ("The law has long recognized that probable cause does not demand evidence of every element of a crime—not even to support a person's arrest.") (citation omitted). Rather, "when … a person's conduct satisfies the *actus reus* of a crime, we have moved well beyond mere suspicion." <u>Id</u>.

**A.      The Cobas' Complaints Are Enough To Provide Probable Cause To Arrest**

"'It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" <u>Wieder v. City of N.Y.</u>, 569 F. App'x 28, 29 (2d Cir. 2014) (quoting <u>Panetta v. Crowley</u>, 460 F.3d 388, 395 (2d Cir. 2006)). "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." <u>Campbell v. Giuliani</u>, No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (citing <u>Miloslavsky v. AES Eng'g Soc'y, Inc.</u>, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), <u>aff'd</u>, 993 F.2d 1534 (2d Cir. 1993) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed")).

Here, Det. Seel reviewed the complaint report filed by Mr. Cobas stating that plaintiff banged on the door damaging it, Def. 56.1, ¶¶ 21-22; 24; met with and interviewed Mr.

5

and Mrs. Cobas, who reiterated that plaintiff banged on the door so hard that he damaged it, Def. 56.1, ¶¶ 25-26; and received photographs showing the door off of its hinges with a broken strike plate. Def. 56.1, ¶ ¶ 29-30; Ex. K. The statements that plaintiff banged on the door so hard he damaged it and the corroborating photographs provided probable cause to arrest plaintiff for criminal mischief in the fourth degree violation of Penal Law §145.00(1).[1] *See, e.g.*, <u>People v Ellis</u>, 233 A.D.2d 692, 650 N.Y.S.2d 329 (N.Y. App. Div. 3d Dep't 1996) (Police officer's unrebutted testimony that defendant had repeatedly kicked and damaged holding room door after he had been taken into custody supported conviction for fourth degree mischief).

**B.      There Was No Reason To Doubt The Cobas's Veracity**

Plaintiff might argue that his relationship with his neighbors was an acrimonious one, and that Det. Seel should therefore have doubted the Cobas's veracity. But here, there was no reason for Det. Seel to do so. Although plaintiff and the Cobas family members had argued over parking in the past, Def. 56.1 ¶ 13, this type of run-of-the-mill dispute between neighbors does not rise to the level of acrimony that would warrant doubt being cast on a complaining victim's veracity. And the past disputes had indeed been run-of-the-mill; they had never resulted in a call to the police before September 8, 2017. Def, 56.1, ¶ 14. But even acrimonious relationships between neighbors that <u>have</u> prompted calls – <u>repeated</u> calls – to the police are not, in and of themselves, sufficiently hostile to warrant such suspicion. Rather, there has to be some factor in addition to those repeated calls, such as the complaining witness having made prior false statements about a plaintiff to police, to prompt an officer to question that witness's credibility and investigate his or her complaint further. *See*, <u>Allen v. Leonard</u>, No. CV 18-7163

---

[1] "A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such a right, he or she … Intentionally damages property of another person…" N.Y. Penal Law § 145.00(1).

6

(SJF) (AKT), 2020 U.S. Dist. LEXIS 38687, at *4, (E.D.N.Y. March 3, 2020) (finding cause to doubt a witness's veracity where the witness had made a prior false statement to police in an attempt to get a neighbor evicted); Morris v. City of N.Y., No. 14-cv-1749 (JG) (LB), 2015 U.S. Dist. LEXIS 54550, at *10-11 (E.D.N.Y. April 27, 2015) (finding witness not credible where police defendants had "longstanding relationship" with witness and knew of her "established pattern of making and filing unbelievable and false [police] complaints."); Bullard v. City of N.Y., 240 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) (finding "myriad indicia of unreliability," including a witness who lied to police about his profession).

There was nothing in the nature of the relationship between plaintiff and the Cobases that would have given Det. Seel reason to doubt Mr. or Mrs. Cobas, and neither repeated calls to the police nor any "additional" factor exist here. There was, furthermore, corroborating evidence that a crime had been committed, in the form of photographs. *See*, Lamont v. City of N.Y., No. 12-cv-2478 (WFK) (JMA), 2014 U.S. Dist. LEXIS 137902, *11 (E.D.N.Y. Sept. 29, 2014) ("Nevertheless, when a victim precisely identifies the alleged perpetrator of a crime and there is independent corroborative evidence to support at least some of the victim's assertions, a person of reasonable caution is warranted in believing that an offense has been committed by the alleged perpetrator."). Det. Seel was therefore justified in relying on the report of Mr. and Mrs. Cobas – the victims of the crime – in establishing probable cause to arrest plaintiff.

**C.    Detective Seel Had No Duty To Investigate Further Once He Had Probable Cause To Arrest**

"'Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.'" Wieder v. City of N.Y., 569 F. App'x 28, 29 (2d Cir.

2014) (quoting <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 124 F.3d 123, 128 (2d Cir. 1997)).  It is not even necessary for an officer to investigate potential "exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." <u>Jocks v. Tavernier</u>, 316 F.3d 128, 135-36 (2d Cir. 2003); *see also* <u>Frantz Jean v. City of N.Y.</u>, No. 08-CV-157 (RER), 2009 U.S. Dist. LEXIS 98239, at *19 (E.D.N.Y. Oct. 22, 2009) (finding probable cause for arrest for assault based on statements by a complaining witness despite evidence of plaintiff's innocence); <u>Mistretta v. Prokesch</u>, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998) (law enforcement officials "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause."); <u>Obilo v. City Univ. of the City of N.Y.</u>, No. 01-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *23-29 (E.D.N.Y. Feb. 28, 2003) (finding probable cause for arrest for sexual assault where victim identified plaintiff as perpetrator, despite plaintiff's claims that the victim was his girlfriend); <u>Maliha v. Faluotico</u>, No. 07-1106-cv, 2008 U.S. App. LEXIS 13097, at *3-6 (2d Cir. 2008) (finding probable cause for plaintiff's arrest for assault and rejecting plaintiff's argument that officers should have investigated his claim of self-defense prior to his arrest).

Once Det. Seel had probable cause to arrest – which he did after speaking to Mr. and Mrs. Cobas and viewing photographs – he was under no obligation to investigate further – period.  That would have been the case even if he had been told of potentially exculpatory evidence, which he was not.  <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing that there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); <u>Weiner v. McKeefery</u>, 90 F. Supp. 3d 17, 22 (E.D.N.Y. 2015) (same) (citation omitted).  "To hold otherwise would be to allow every suspect, guilty or not, to avoid arrest

simply by claiming 'it wasn't me.'"   Mazza v. City of N.Y., No. 98-cv-2343 (ILG), 1999 U.S. Dist. LEXIS 13192, at *5 (E.D.N.Y. July 13, 1999).

Det. Seel anticipates that plaintiff will argue, as part of his opposition, that there was no probable cause because Det. Seel failed to conduct an investigation in accordance with NYPD internal guidelines, specifically by not following an investigation "checklist" in the NYPD computer system.  That argument fails for several reasons.  First, the "checklist" is not a "checklist" at all – it is only a guide for investigating officers.  Def. 56.1, ¶¶ 31-32.  Second, it is self-evident that the items in the guide do not apply in all cases.  For example, amongst other things, the guide tells detectives to call the department's sketch artist; it further advises them to speak to EMS/FDNY personnel.  Def. 56.1, ¶¶ 31-32, Exh. Y at DEF 000012, DEF 000050.  But those items were inapplicable here, just as the items listed under "Notification and Responses to the Scene" – like speaking to the first officers on scene – were irrelevant because Det. Seel did not respond to the scene, but rather began investigating the case days later after a walk-in complaint to another precinct.  Def 56.1, ¶¶ 20-24.  The items in the guide so categorically are not applicable in every case that the document's purpose as a guide, and nothing more, is obvious.

But even if Det. Seel did err – which he did not – by not running down every single item in the guide, alleged violations of NYPD procedure are irrelevant to the determination of whether plaintiff's constitutional rights were violated.  First, the standards set forth as per NYPD procedure are merely guidelines established by the NYPD, and are not the standards of the United States Constitution.  In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether that was, in fact, the case.  See Smith v. Freland, 954 F.2d 343, 347

9

(6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force.  A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); Galapo v. City of N.Y., 95 N.Y.2d 568 at 574-75 (2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties).  Since NYPD procedures do not create legal duties, whether Det. Seel followed them or not is irrelevant to the determination of whether plaintiff's constitutional rights were violated.  It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.

Finally, even if Det. Seel *had* carried out the investigation that plaintiff now insists would have been proper, the outcome would have been the same: plaintiff's arrest.  For although plaintiff proclaims that the original responding officers had "exculpatory evidence" that would have exonerated him, in fact they had no such thing – and plaintiff knows it.  Plaintiff carefully words his claim to say that the original responding officers "had the opportunity to" observe the damage to the complaining witness's door when they came to the premises on September 8, 2017.  FAC, ¶ 18.  What plaintiff does not mention is that they did not actually do so – and that plaintiff is aware that they did not.  Plaintiff admits that the officers interviewed plaintiff and the complaining witness outside of their building.  Def. 56.1, ¶ 17.  But the damaged door was inside their building.  And if the original investigating officers never entered the building, they could not have viewed that door, and therefore could not have gathered evidence that would prove exculpatory to plaintiff.  Indeed, both of the original responding

officers confirmed that they never viewed the door in question.  Def. 56.1 ¶ 18.  Thus, even if Det. Seel had spoken to the original responding officers, he would not have learned of any exculpatory information.

Plaintiff further claims that Mrs. Cobas's 911 call is also "exculpatory evidence" because she did not mention any damage to her door during that call.  FAC, ¶ 23.  But omitting to mention any damage to the door is not exculpatory.  An affirmative statement that there was no damage to the door would have been exculpatory.  No such statement was ever made.  Def. 56.1, ¶¶ 15-16; Ex. C, 911 Trans., *in passim*.  Furthermore, plaintiff apparently forgets that there were *two* charges in the criminal court complaint against him, criminal mischief *and menacing* in violation of Penal Law § 120.15.[2]  And even if plaintiff's version of events concerning damage to the Cobas's door is believed, the transcript of the 911 call would not "exonerate" him for the charge of menacing – in fact, it would *support* that charge, and, in addition, a charge of harassment  in violation of N.Y.P.L § 240.26(1),[3] as well as attempts to commit both of these offenses, given that the Mrs. Cobas told the operator plaintiff was threatening to hit her sons, Def. 56.1 ¶ 16, thus "placing [them] in fear" of physical injury and threatening to "subject[] [them] to physical contact."  Any of these charges provides probable cause for plaintiff's arrest over and above any offense related to damage to his neighbor's door.

Ultimately, plaintiff's theory of the case – that, because there were "original investigating officers" in this case, Det. Seel was obligated to speak to them as part of his investigation – is an attempt to prevail on a theory of negligent investigation.  But "as a matter of

---

[2] "A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury."

[3] "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: … He or she strikes, shows, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same…."

public policy, New York does not recognize a claim for negligent investigation and prosecution." Mitchell v. County of Nassau, CV-05-4957 (SJF) (WDW) 2007 U.S. Dist. LEXIS 38711, at *42 (E.D.N.Y.  May 24, 2007); *see also* Baez v. Jet Blue Airways Corp., 09-CV-596 (CPS) (SMG), 2009 U.S. Dist. LEXIS 67020, at *16-17, n.4 (E.D.N.Y. August 3, 2009) ("As a matter of public policy a negligence claim arising out of an investigation or prosecution will not be recognized under New York law") (internal quotation omitted).  Plaintiff's theory that Det. Seel had an obligation to speak to the original investigating officers amounts to nothing more than an attempt to bring exactly such an impermissible cause of action over and above his causes of action for false arrest and malicious prosecution.  But "'[w]here the negligence alleged is based upon an arrest, a plaintiff must resort to the traditional remedies of false imprisonment and malicious prosecution.'"  Baez, 2009 U.S. Dist. LEXIS 67020 at *17, n.4 (quoting Pawlicki v. City of Ithaca 993 F. Supp. 140, 143 (N.D.N.Y. 1998).

Based on the Cobas's complaints and the photographs, Det. Seel had probable cause to arrest plaintiff.  Plaintiff's false arrest claim fails.

## POINT II

### PLAINTIFF CANNOT PROVE THREE OF THE FOUR ELEMENTS OF MALICIOUS PROSECUTION UNDER STATE LAW

Under New York State law, to prevail on a claim of malicious prosecution a plaintiff is required to demonstrate: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding and (4) actual malice." Torres v. Jones, 26 N.Y.3d 742, 760 (2016); Mitchell v. City of N.Y., 841 F.3d 72, 79 (2d Cir. 2016) (same) (citations omitted); McDonough v. Smith, 898 F.3d 259, 268 n.10 (2d Cir. 2018) (same).  The failure to establish any one of these elements is fatal to a malicious

prosecution claim.  Angevin v. City of N.Y., 204 F. Supp. 3d 469, 480 (E.D.N.Y. 2016); Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195 (2000) (malicious prosecution plaintiffs are required to establish all four elements).  Plaintiff cannot establish three of the four elements of his malicious prosecution claim under New York State law.

A.    **Plaintiff Cannot Establish That Det. Seel Initiated Or Continued A Proceeding Against Him Because Det. Seel Did No More Than Disclose To The Prosecutor All Of The Information Within His Knowledge**

The initiation or continuation of a criminal proceeding against the plaintiff by the defendants is a necessary element to a claim of malicious prosecution.  Mitchell, 841 F.3d at 79. Plaintiff has not established – and cannot establish – this element.

"New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant."  Melendez v. City of N.Y., No. 16-CV-1497 (RJS), 2017 U.S. Dist. LEXIS 154424, at *11 (S.D.N.Y. Sept. 20, 2017) (quoting Gilman v. Marsh & McLennan Cos., Inc., 868 F. Supp. 2d 118, 128 (S.D.N.Y. 2012)); *accord* Dorceant v. Aquino, No. 15-CV-7103 (ARR) (LB), 2017 U.S. Dist. LEXIS 131633, at *10 (E.D.N.Y. Aug. 17, 2017).  Thus, at the time a criminal defendant is arraigned, the chain of causation between the police officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor; the police officer's responsibility for the initiation of the prosecution is thereby abolished.  Jouthe v. City of N.Y., 05-cv-1374 (NGG)(WP), 2009 U.S. Dist. LEXIS 18163, at *35 (E.D.N.Y. Mar. 10, 2009) (citation omitted); *see also* Baldeo v. Keiser-O'Neill, No. 17-CV-5284 (ERK)(RML), 2018 U.S. Dist. LEXIS 131771, at *12 (E.D.N.Y. Aug. 6, 2018) ("even if the arrest had been unlawful, the 'intervening exercise of independent judgment' by prosecutors would break 'the chain of causation between a police officer's unlawful arrest and a subsequent' malicious prosecution 'in the absence of evidence

13

that the police officer misled or pressured the official who could be expected to exercise independent judgment'") (citing Townes v. City of N.Y., 176 F.3d 138, 147 (2d Cir. 1999)).

In this case, the prosecutor exercised his/her own judgment in deciding to prosecute plaintiff.  It was the prosecutor who, after interviewing Silvia Cobas, made the independent decision to add menacing to the charge of criminal mischief upon which plaintiff was originally arrested.  Def. 56.1 ¶¶ 37-38; *see* Husbands v. City of N.Y., No. 05-cv-9252 (NRB), 2007 U.S. Dist. LEXIS 61042, at *32 (S.D.N.Y. Aug. 16, 2007) (finding that filing a charge that differed from that brought by police officers was an indication of an independent decision to prosecute by prosecutors).

Furthermore, the Second Circuit has held that, in the context of a malicious prosecution claim, initiation "is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); *see also* Manganiello v. City of N.Y., 612 F.3d 149, 163 (2d Cir. 2010).  Although Det. Seel signed the criminal court complaint, he did not initiate the prosecution because he did "'no more than disclose to a prosecutor all material information within his knowledge.'"  Angevin v. City of N.Y., 204 F. Supp. 3d 469, 481 (E.D.N.Y. 2016) (quoting Husbands v. City of N.Y., No. 05-cv-9252 (NRB), 2007 U.S. Dist. LEXIS 61042, at *32 (S.D.N.Y. Aug. 16, 2007)), *aff'd*, 335 F. App'x 124 (2d Cir. 2009) (internal citation and quotation marks omitted).  Here, the criminal court complaint that Det. Seel signed is not based on his information, but rather only recites what the complaining victim stated.  Def. 56.1, ¶ 40.  Moreover, there is no evidence that any of the evidence Det. Seel provided to the prosecutor was false – it was just what he was told; plaintiff has put forth no evidence that Det.

Seel "misled or pressured" the prosecutor in securing plaintiff's arraignment.  Baldeo, 2018 U.S. Dist. LEXIS 131771, at *12.  The presumption of the prosecutor's independent judgment must therefore prevail, and Det. Seel is entitled to summary judgment on plaintiff's malicious prosecution claim because he did not initiate plaintiff's prosecution.  Baldeo, 2018 U.S. Dist. LEXIS 131771, at *12; Saunders-Hall v. Sullivan, No. 17-CV-1269 (PAC), 2018 U.S. Dist. LEXIS 102410, at *10 (S.D.N.Y. June 19, 2018); Hill v. City of N.Y., No. 05-CV-9473 (RMB) (JCF), 2007 U.S. Dist. LEXIS 94969, at *9-10 (S.D.N.Y. Dec. 28, 2007) (internal citation omitted).

**B.      Plaintiff Cannot Establish That Probable Cause Was Lacking For His Criminal Proceeding, Because Probable Cause Did Not Dissipate Between His Arrest And The Criminal Proceeding**

The "existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Manganiello v. City of N.Y., 612 F.3d 149, 161-62 (2d Cir. 2010) (quoting Savino v. City of N.Y., 331, F.3d 63, 72 (2d Cir. 2003) (internal citation marks omitted). "Probable cause to prosecute is evaluated in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of arrest." Ying Li v. City of N.Y., 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017) (citations and quotation marks omitted).

To succeed on a malicious prosecution claim, a plaintiff must show that probable cause somehow dissipated between the time of arrest and the commencement of the prosecution. In order for probable cause to dissipate, "the groundless nature of the charges must be made apparent by the discovery of some intervening fact." Reid v. Yisrael, 19-cv-1220 (PKC) (ST) 2019 U.S. Dist. LEXIS 97093, at *5 (E.D.N.Y. June 10, 2019) (quotation omitted); Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) (same); *see also* Rizzo v. Edison, Inc., 172 Fed. Appx. 391, 393-94 (2d Cir. 2006) ("As no exculpatory evidence became known after [p]laintiff's arrest, there was also probable cause to prosecute her."). Here, no evidence came to

light after plaintiff's arrest and before his arraignment that would call into question whether probable cause for that prosecution existed.   There was therefore probable cause to prosecute plaintiff for the charges in the criminal complaint: criminal mischief (P.L. §145.00(1)) and menacing (P.L. §120.15), based on the same probable cause for the arrest since no exculpatory facts were discovered between the arrest and the prosecution.   Lowth, 82 F.3d at 571-72 ("We must still consider whether, between the time of the arrest and the time that he arrived at the police station and actually charged Mrs. Lowth, he had received information that was sufficient to eliminate probable cause as to any of the crimes charged.").

Det. Seel, at the time plaintiff's prosecution was initiated, was in possession of evidence that led him to reasonably believe that plaintiff could be successfully prosecuted for the offense of criminal mischief; the prosecutor not only agreed, but also added the offense of menacing to the criminal court complaint against plaintiff.   Def. 56.1 ¶ 38.   Plaintiff has not adduced evidence that any exculpatory facts came to defendant's attention following plaintiff's arrest and prior to his prosecution.   Plaintiff therefore cannot establish a lack of probable cause for his prosecution and plaintiff's malicious prosecution claim therefore cannot survive summary judgment.

**C.** **Plaintiff Cannot Establish The Element Of Malice Because He Cannot Show That Detective Seel Acted Out Of Something Other Than A Desire To See The Ends Of Justice Served**

Another essential element of a claim for malicious prosecution is that the criminal proceeding against plaintiff "was instituted with malice."   Mitchell v. City of N.Y., 841 F.3d at 79; *accord* McDonough v. Smith, 898 F.3d at 268 n.10; see also Shaw v. City of N.Y., 139 A.D. 3d 698, 699 (N.Y. App. Div. 2nd Dept. 2016).   According to the Second Circuit, this element may be satisfied by a showing "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served."

Lowth, 82 F.3d at 573 (citation omitted); accord Fulton v. Robinson, 289 F.3d 188, 198 (2d Cir. 2002).  It is well-settled that "[o]nly where probable cause to initiate a proceeding is . . . totally lacking may malice be reasonably inferred."  Wilson v. McMullen, 07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335, at *18 (E.D.N.Y. Mar 30, 2010) (citation omitted); *accord* Sulkowska v. City of N.Y., 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001).  Here, Det. Seel relied on the complaining witness's statement and photographs in arresting plaintiff, and therefore probable cause was not "totally lacking."  Davis v. Metro. Transp. Auth., 06-CV-3543 (DLI) (JO), 2010 U.S. Dist. LEXIS 26846, at *16 (E.D.N.Y. Mar. 22, 2010) ("[N]o reasonable jury could find that defendants' mere arrest and detention – without more – of the man identified as the perpetrator by the crime victim equated to malice on defendants' part.").  Because probable cause existed for plaintiff's prosecution, therefore, plaintiff cannot establish the element of malice.

In light of the foregoing, plaintiff has failed to establish three of the four elements of his malicious prosecution claim, and this claim should therefore be dismissed with prejudice.

## POINT III

### THE DECISION OF THE PAROLE HEARING OFFICER WAS AN INDEPENDENT INTERVENING CAUSE OF PLAINTIFF'S DETENTION ON A PAROLE VIOLATION, AND DETECTIVE SEEL SHOULD NOT BE HELD LIABLE FOR DAMAGES STEMMING FROM THAT DETENTION

To the extent that plaintiff is claiming damages stemming from the revocation of his parole, Det. Seel is entitled to judgment as a matter of law because the preliminary hearing officer made an independent determination that probable cause existed to revoke plaintiff's parole.  The Second Circuit has held that the intervening exercise of judgment by an independent decision maker breaks the chain of causation between a law enforcement defendant and a

plaintiff's eventual harm "in the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment." Townes v. City of N.Y., 176 F.3d 138, 147 (2d Cir. 1999) (citations omitted). While "'foreseeability and causation . . . are issues generally and more suitably entrusted to fact finder adjudication[.]'" Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 216 (2d Cir. 2002) (quotation omitted), a court may rule as a matter of law on foreseeability and causation where the claim rests upon "'independent intervening acts which operate upon but do not flow from the original negligence[.]'" Martin v. City of N.Y., 793 F. Supp. 2d 583, 586 (E.D.N.Y. 2011) (quoting Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 170 (1980)).

Here, the parole hearing officer exercised judgment as an independent decision maker after conducting a hearing at which the complaining victim, but not Det. Seel, testified. Def. 56.1, ¶¶ 66-72. This broke the chain of causation between the arrest by Det. Seel and plaintiff's detention pursuant to his parole revocation. If anything, it is the parole officer who potentially bears liability for this particular incarceration, and, indeed, plaintiff has sued her in a pending action in the New York Court of Claims, in which the facts overlap with the facts of this case. Def. 56.1, ¶¶ 2-4.

Plaintiff was arraigned on October 4, 2017. Def. 56.1 ¶ 42. Before he could make his first court appearance on November 13, 2017, he was violated on parole on October 16, 2017 and was remanded into custody. Def. 56.1, ¶¶ 56-58. A preliminary hearing was held on October 23, 2017, on a charge of menacing – which was not the charge Det. Seel arrested him for – and probable cause was found to support the violation. Def. 56.1, ¶ 62-74. In other words, the parole officer came to her own independent determination of what the charges against plaintiff should be, just as the prosecutor had; the parole hearing officer came to her own

18

independent conclusion that the charges had merit.  Plaintiff was therefore detained until his parole revocation hearing could take place.  Def. 56.1, ¶ 74.  At the preliminary hearing, plaintiff was present, and was represented by an attorney.  Def. 56.1, ¶ 63.  Plaintiff was permitted to cross-examine witnesses, and to make a closing statement.  Def. 56.1, ¶ 63.  The complaining victim, Silvia Cobas, and parole officer Maleisha Perez testified at this hearing; Det. Seel did not.  Def. 56.1, ¶¶ 64, 66-72.  Plaintiff himself chose not to testify.  Def. 56.1, ¶ 73.  After hearing the complaining victim's testimony, the parole hearing officer determined that there was probable cause to revoke plaintiff's parole, and issued a written decision in which  she found that there was probable cause that plaintiff violated the conditions of his release.  Def. 56.1, ¶ 74-75.

In analogous situations, *i.e.* prosecutions, prosecutors' decisions to prosecute have been held to break the chain of causation between an arrest and plaintiff's incarceration.  "It is well settled that the chain of causation" can be "broken by the intervening exercise of independent judgment."  Townes v. City of N.Y., 176 F.3d at 147 (internal citations omitted); Zahrey v. Coffey, 221 F.3d 342, 351 (2d Cir. 2000); Dickerson v. Prison Health Servs., 495 Fed App'x 154, 156 (2d Cir. 2012) (Summary Order).

Such chain of causation may not be broken, however, when the intervening decision-maker is misled, coerced or the tortfeasor reasonably foresees that his misconduct will contribute to the independent decision.  *See* Zahrey, 221 F.3d at 351-352.  For example, in a malicious prosecution action against police officers, "the intervening exercise of independent judgment" by a prosecutor to pursue the case usually breaks the 'chain of causation' unless the prosecutor was 'misled or pressured' by the police."  Dufort v. City of N.Y., 874 F.3d 338, 352 (2d Cir. 2017) (citation omitted).  Here, there is no evidence that Det. Seel "misled or pressured" the parole hearing officer – indeed, Det. Seel was not even present at the hearing, and there is no

evidence that he ever spoke to the hearing officer outside of the hearing.  Def. 56.1, ¶¶ 61-75. Further, the fact that, ultimately, plaintiff's parole revocation was reversed is irrelevant and does not vitiate probable cause for his parole revocation.  In the prosecution context, dismissal or acquittal of criminal charges is not evidence of a lack of probable cause.  Krause v. Bennett, 887 F.2d 362, 370 (2d Cir. 1989) ("Even if Krause had actually gone to trial and been acquitted, that result would have no bearing on the determination of whether probable cause existed to arrest him."); Brown v. City of N.Y., 306 F. Supp. 2d 473, 479 (S.D.N.Y. 2004) ("the eventual dismissal of the charges against Brown, does not in itself establish an absence of probable cause to arrest him"); (citing Coyle v. Coyle, 302 F. Supp. 2d 3 (E.D.N.Y. Feb. 9, 2004), vacated in part on other grounds, 2004 U.S. Dist. LEXIS 20426, 2 (E.D.N.Y. Aug. 30, 2004)).

Because the decision of the parole hearing officer was an independent intervening cause of plaintiff's detention, and because there was independent cause to revoke plaintiff's parole entirely separate from Det. Seel's investigation and arrest of him, Det. Seel should not be held liable for any damages stemming from plaintiff's incarceration on a parole violation.

### POINT IV

**DETECTIVE SEEL IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE WAS NOT "CLEARLY INCOMPETENT" IN RELYING ON THE WORD OF A COMPLAINING VICTIM OR ON CORROBORATING PHOTOS FROM THAT VICTIM**

Even if Det. Seel did not have probable cause to arrest and prosecute plaintiff, he is, entitled to qualified immunity.  Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citation omitted).  The Supreme Court has noted time and again

that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (*per curiam*) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Indeed, in D.C. v. Wesby, 138 S. Ct. 577 (2018), the Supreme Court overturned an appellate panel decision rejecting both probable cause for arrest and qualified immunity.  In discussing the wide breadth of qualified immunity, the Court reiterated its prior holdings that in order to reject qualified immunity, a district court must find that "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." Id. at 589.

In the context of a false arrest claim, an officer is protected by the doctrine if (1) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause.  Zellner v. Summerlin, 494 F.3d 344, 369-370 (2d Cir. 2007) (citation omitted); *see also* Petway v. City of N.Y., 10-CV-01048 (ARR) (LB), 2012 U.S. Dist. LEXIS 83540, at*20-21 (E.D.N.Y. June 14, 2012) (citing Ricciuti, 124 F.3d at 128.  Stated differently, the standard for qualified immunity on a false arrest claim is "arguable probable cause".  Zellner, 494 F.3d at 369.  "Arguable probable cause exists when 'a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law.'" Id. (quoting Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997) (emphasis in original).  The Second Circuit has explained that such immunity is rooted in the fact that "[a]gain and again the public interest calls for action which may turn out to be founded on a mistake" and "for the public benefit, public officials [should] be able to perform their duties unflinchingly and without constant dread of retaliation." Amore v.

Novarro, 624 F.3d 522, 530 (2d Cir. 2010) (internal quotation marks, brackets, and citations omitted).

      The Supreme Court has held that for a right to be "clearly established", there must be at least one identified case "where an officer acting under similar circumstances…was held to have violated the Fourth Amendment." Ganek v. Leibowitz, 874 F.3d 73, 81 (2d Cir. 2017) (quoting White v. Pauly, 137 S. Ct. 548, 552 (2017)); *see also* District of Columbia v. Wesby, 138 S. Ct. 577, 590 (2018) ("The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him."); Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."). Here, there is no such case.

      Here, there is no dispute that Det. Seel based plaintiff's arrest on a complaint by an eyewitness and corroborating photographs. Def. 56.1, ¶ 33. Further, as of October 3, 2017, there were no Second Circuit or Supreme Court cases holding that it was unconstitutional to arrest and prosecute plaintiff in the circumstances presented here. *See, e.g.*, Morris v. Silvestre, 604 F. App'x 22, 25 (2d Cir. 2015) (affirming dismissal of false arrest claim because officers had arguable probable cause where arrest "supported by little more than the complaint by an individual whose preexisting, antagonistic relationship with [plaintiff] was known to the police."); Williams v. City of N.Y., 683 F. App'x 57, 59 (2d Cir. 2017) (granting qualified immunity despite plaintiff's complaint that complainant pursuing a vendetta, and levying false accusations, against plaintiff); D'Alessandro v. City of N.Y., 713 F. App'x 1, 9 (2d Cir. 2017) (dismissing false arrest claim despite claim that defendant ignored exculpatory evidence); Crews v. Cty. of Nassau, 996 F. Supp. 2d 186, 205 (E.D.N.Y. 2014) ("The Second Circuit has held

consistently that conflicting accounts of a crime do not vitiate the probable cause established by an eyewitness identification or alleged victim of a crime.");

It cannot, therefore, be said that no officer of reasonable competence would have believed there was probable cause to arrest plaintiff when the arresting officer had a complaining victim's identification of him as the perpetrator of a crime, and that victim presented corroborating photos.  Det. Seel is therefore entitled to qualified immunity on plaintiff's false arrest claim.  Furthermore, the Second Circuit has held that when an officer has arguable probable cause to arrest, and, as a result, is entitled to qualified immunity for a false arrest claim, the officer is necessarily also entitled to qualified immunity for a malicious prosecution claim. *See* Pinter v. City of N.Y., 448 F. App'x 99, 105 n.6 (2d Cir. 2011) ("[O]ur finding that the officers had arguable probable cause to arrest [plaintiff] necessarily entitles the defendants to qualified immunity on his malicious prosecution claim as well.").  Det. Seel is therefore entitled to qualified immunity on plaintiff's malicious prosecution claim as well.

Det. Seel was not clearly incompetent in believing the complaining witness's version of events and arresting plaintiff based on that accounting.  Accordingly, Det. Seel is entitled to qualified immunity.

## POINT V

## NEGLIGENCE IS NOT SUFFICIENT TO PROVE PUNATIVE DAMAGES

Punitive damages may be awarded in a § 1983 action where there is evidence that "'the defendant's conduct is…motivated by evil motive or intent, or where it involves reckless or callous indifference to the federally protected rights of others.'"  Cameron v. City of N.Y., 598 F.3d 50, 69 (2d Cir. 2010) (quoting New Windsor Volunteer Ambulance Corps., Inc. v. Meyers, 442 F.3d 101, 121-22 (2d Cir. 2006)); *see also* Meriwether v. Coughlin, 879 F.2d 1037, 1048 (2d

Cir. 1989) (affirming vacatur of jury award of punitive damages in absence of evidence of evil motive or intent).  In order to justify an award of punitive damages, the defendant's unlawful conduct must surpass a certain threshold.  <u>McCardle v. Haddad</u>, 131 F.3d 43, 52 (2d Cir. 1997) (citing <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983)).  "[I]n torts like malicious prosecution that require a particular antisocial state of mind, the improper motive of the tortfeasor is both a necessary element in the cause of action and a reason for awarding punitive damages."  <u>Smith</u>, 461 U.S. at 53 (citing Restatement of Torts § 908, comment c (1938) and Restatement Second of Torts, § 908, comment c (1979)).  "To be entitled to an award of punitive damages, a claimant must show a 'positive element of conscious wrongdoing.'"  <u>New Windsor Volunteer Ambulance Corps.</u>, 442 F.3d at 122 (quoting <u>Kolstad v. American Dental Ass'n</u>,  527 U.S. 526, 538 (1999).

Here, plaintiff offers no proof that Det.  Seel acted with "evil motive or intent" or with "reckless or callous indifference" to plaintiff's rights.  Rather, Det. Seel arrested plaintiff based on statements made by, and photographs provided by, the complaining victim.  To the extent that plaintiff is claiming that Det. Seel's investigation was less than thorough or he should have doubted plaintiff's veracity, that is insufficient as a predicate for punitive damages, and accordingly, his claim for punitive damages should fail.

## CONCLUSION

Det. Seel had probable or arguable probable cause to arrest and prosecute plaintiff for criminal mischief based on plaintiff's neighbors' complaint that plaintiff damaged their door, especially, where, as here, the complaint was corroborated by photographs depicting the damage. The malicious prosecution claim is meritless for the additional reasons that the prosecutor independently decided to prosecute plaintiff as evidenced by the fact that he or she charged plaintiff with menacing – a charge that nowhere appeared in Det. Seel's paperwork – in addition to criminal mischief, and there is no evidence of malice.  The two claims remaining in this case

24

should be dismissed on this basis.  Even if these claims are not dismissed, plaintiff may not recover any damages for his detention due to the parole revocation as the decision to revoke the parole was an independent intervening cause of the detention, and plaintiff cannot demonstrate that he is entitled to punitive damages.

DATED:        New York, New York
              September 1, 2020

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendant Seel*
100 Church Street
New York, New York 10007
(212) 356-5055
kweall@law.nyc.gov


By:    /s/   *Katherine J. Weall*
       _____
       Katherine J. Weall